**FILED**

July 01, 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____ cav _____
DEPUTY

PRISONER'S CIVIL RIGHTS COMPLAINT (Rev. 12/2023)

IN THE UNITED STATES DISTRICT COURT
FOR THE ___WESTERN___ DISTRICT OF TEXAS
___WACO___ DIVISION

LAWRENCE ALLEN FULLER #812678
Plaintiff's Name and ID Number

ALFRED D. HUGHES UNIT, TDCJ
Place of Confinement

CASE NO. __**6:24-cv-351**__
(Clerk will assign the number)

v.

BOBBY LUMPKIN, TDCJ DIRECTOR
Defendant's Name and Address

JOHN CREUZOT DISTRICT ATTORNEY
Defendant's Name and Address

_____
Defendant's Name and Address
( DO NOT USE "ET AL.")

## INSTRUCTIONS - READ CAREFULLY

**NOTICE:**

**Your complaint is subject to dismissal unless it conforms to these instructions and this form.**

1. To start an action you must file an original and one copy of your complaint with the court. You should keep a copy of the complaint for your own records.

2. Your complaint must be legibly handwritten, in ink, or typewritten. You, the plaintiff, must sign and declare under penalty of perjury that the facts are correct. If you need additional space, **DO NOT USE THE REVERSE SIDE OR BACK SIDE OF ANY PAGE.** ATTACH AN ADDITIONAL BLANK PAGE AND WRITE ON IT.

3. You must file a separate complaint for each claim you have unless the various claims are all related to the same incident or issue or are all against the same defendant, Rule 18, Federal Rules of Civil Procedure. Make a short and plain statement of your claim, Rule 8, Federal Rules of Civil Procedure.

4. When these forms are completed, mail the original and one copy to the clerk of the United States district court for the appropriate district of Texas in the division where one or more named defendants are located, or where the incident giving rise to your claim for relief occurred. If you are confined in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), the list labeled as "VENUE LIST" is posted in your unit law library. It is a list of the Texas prison units indicating the appropriate district court, the division and an address list of the divisional clerks.

**FILING FEE AND *IN FORMA PAUPERIS* (IFP)**

1. In order for your complaint to be filed, it must be accompanied by the statutory filing fee of $350.00 plus an administrative fee of $55.00 for a total fee of **$405.00**.

2. If you do not have the necessary funds to pay the fee in full at this time, you may request permission to proceed *in forma pauperis*. In this event you must complete the application to proceed *in forma pauperis*, setting forth information to establish your inability to prepay the fees and costs or give security therefor. You must also include a current six-month history of your inmate trust account. If you are an inmate in TDCJ-CID, you can acquire the application to proceed *in forma pauperis* and the certificate of inmate trust account, also known as *in forma pauperis* data sheet, from the law library at your prison unit.

3. The Prison Litigation Reform Act of 1995 (PLRA) provides "... if a prisoner brings a civil action or files an appeal *in forma pauperis,* the prisoner shall be required to pay the full amount of a filing fee." *See* 28 U.S.C. § 1915. Thus, the court is required to assess and, when funds exist, collect, the entire filing fee or an initial partial filing fee and monthly installments until the entire amount of the filing fee has been paid by the prisoner. If you submit the application to proceed *in forma pauperis*, the court will apply 28 U.S.C. § 1915 and, if appropriate, assess and collect the entire filing fee or an initial partial filing fee, then monthly installments from your inmate trust account, until the entire $350.00 statutory filing fee has been paid. (The $55.00 administrative fee does not apply to cases proceeding *in forma pauperis.*)

4. If you intend to seek *in forma pauperis* status, do not send your complaint without an application to proceed *in forma pauperis* and the certificate of inmate trust account. Complete all essential paperwork before submitting it to the court.

**CHANGE OF ADDRESS**

It is your responsibility to inform the court of any change of address and its effective date. Such notice should be marked **"NOTICE TO THE COURT OF CHANGE OF ADDRESS"** and shall not include any motion for any other relief. Failure to file a NOTICE TO THE COURT OF CHANGE OF ADDRESS may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

I. PREVIOUS LAWSUITS:

    A. Have you filed *any* other lawsuit in state or federal court relating to your imprisonment? ___ YES ✓ NO

    B. If your answer to "A" is "yes," describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, giving the same information.)

        1. Approximate date of filing lawsuit: _____

        2. Parties to previous lawsuit:

            Plaintiff(s)_____

            Defendant(s)_____

        3. Court: (If federal, name the district; if state, name the county.)_____

        4. Cause number:_____

        5. Name of judge to whom case was assigned: _____

        6. Disposition: (Was the case dismissed, appealed, still pending?) _____

        7. Approximate date of disposition:_____

II.  PLACE OF PRESENT CONFINEMENT: ALFRED D. HUGHES UNIT

III.  EXHAUSTION OF GRIEVANCE PROCEDURES:

Have you exhausted all steps of the institutional grievance procedure?          ___ YES  X NO

Attach a copy of your final step of the grievance procedure with the response supplied by the institution.

IV.  PARTIES TO THIS SUIT:

A.  Name and address of plaintiff: LAWRENCE ALLEN FULLER 3201 FM 929 `GATESVILLE, TEXAS 76597

B.  Full name of each defendant, his official position, his place of employment, and his full mailing address.

Defendant #1: BOBBY LUMPKIN, DIRECTOR OF TDCJ-

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #2: JOHN CREUZOT, DISTRICT ATTORNEY OF DALLAS COUNTY, TEXAS CRIMINAL DISTRICT COURT #3 FRANK CROWLEY COURT BUILDING 133 N. RIVERFRONT LB 12 DALLAS, TEXAS 75207-4300
Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #3:

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #4:

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

Defendant #5:

Briefly describe the act(s) or omission(s) of this defendant which you claimed harmed you.

3

V.    STATEMENT OF CLAIM:

State here in a short and plain statement the facts of your case, that is, what happened, where did it happen, when did it happen, and who was involved. Describe how each defendant is involved. You need not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. Attach extra pages if necessary, but remember the complaint must be stated briefly and concisely. IF YOU VIOLATE THIS RULE, THE COURT MAY STRIKE YOUR COMPLAINT.

Petitioner complains that the State Prosecutor and/or its govern-

ment officials willfully engaged in misconduct in violation of his

Due Process and a fair proceeding.

VI.   RELIEF:

State briefly exactly what you want the court to do for you.  Make no legal arguments. Cite no cases or statutes.

Petitioner asks this Court to enter an  order granting Petitioner
a new trial, or at minimum an evidentiary hearing.

VII.  GENERAL BACKGROUND INFORMATION:

A. State, in complete form, all names you have ever used or been known by including any and all aliases.

LAWRENCE FULLER. LAWRENCE ALLEN FULLER

B. List all TDCJ-CID identification numbers you have ever been assigned and all other state or federal prison or FBI numbers ever assigned to you.

TDC #403029, TDCJ-ID #812678  Michigan DOC #194540.

VIII. SANCTIONS:

A. Have you been sanctioned by any court as a result of any lawsuit you have filed?  ____YES xx NO

B. If your answer is "yes," give the following  information for every lawsuit in which sanctions  were imposed. (If more than one, use another piece of paper and answer the same questions.)

   1.  Court that imposed sanctions (if federal, give the district and division):_____

   2.  Case number:_____

   3.  Approximate date sanctions were imposed:_____

   4.  Have the sanctions been lifted or otherwise satisfied?                          ____YES ____NO

C. Has any court ever warned or notified you that sanctions could be imposed?    ____YES  ✓NO

D. If your answer is "yes," give the following information for every lawsuit in which a warning was issued. (If more than one, use another piece of paper and answer the same questions.)

1. Court that issued warning (if federal, give the district and division): _____

2. Case number: _____

3. Approximate date warning was issued: _____

Executed on: _06_/_25_/_24_
DATE

*Lawrence Allen Fuller*
*Laurence Allen Fuller*
(Signature of Plaintiff)

## PLAINTIFF'S DECLARATIONS

1. I declare under penalty of perjury all facts presented in this complaint and attachments thereto are true and correct.
2. I understand, if I am released or transferred, it is my responsibility to keep the court informed of my current mailing address and failure to do so may result in the dismissal of this lawsuit.
3. I understand I must exhaust all available administrative remedies prior to filing this lawsuit.
4. I understand I am prohibited from bringing an *in forma pauperis* lawsuit if I have brought three or more civil actions or appeals (from a judgment in a civil action) in a court of the United States while incarcerated or detained in any facility, which lawsuits were dismissed on the ground they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am under imminent danger of serious physical injury.
5. I understand even if I am allowed to proceed without prepayment of costs, I am responsible for the entire filing fee and costs assessed by the court, which shall be deducted in accordance with the law from my inmate trust account by my custodian until the filing fee is paid.

Signed this ___25th___ day of ___June___, 20_24_.
(Day)                     (month)                 (year)

*Lawrence Allen Fuller #812628*
*Laurence Allen Fuller*
(Signature of Plaintiff)

**WARNING: Plaintiff is advised any false or deliberately misleading information provided in response to the above questions may result in the imposition of sanctions. The sanctions the court may impose include, but are not limited to, monetary sanctions and the dismissal of this action with prejudice.**

5

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF

TEXAS WACO DIVIDION

§
§
§
§
LAWRENCE ALLEN FULLER          §          CIVIL ACTION
          PETITIONER,          §
                               §          NO. 6:24 CV 351
                               §
                               §
                               §
                               §
                               §

John Creuzot, District Attorney of Dallas County, Texas, and the
State of Texas Dallas County The People. Director of TDCJ Bobby
Lumpkin individually in their Official Capacity.

                                             DEFENDANT'S.


1. JURISDICTION & VENNUE:

I. This is a civil action authorized under 42 U.S.C. Section 1983 to
   redress the deprivation, under color of State Law of rights
   secured by the constitution of the United States. The Court has
   jurisdiction under 28 U.S.C. Section 1331 and 1343 (A)(3). Plainti-
   ff Fuller seeks A Judgement relief pursuant to  28 U.S.C. Section
   2201 and 2202.  Plaintiff Fuller's claims for injunctive relief
   are autjorized by  28 U.S.C. Section 22 P 3. Rule 65 of the Federal
   Rules of Civil Procedure.

2). The Western District of Texas is an appropriate vennue under 28
    U.S.C. Section 1391 (B)(2) because it is where the events giving
    rise to this claim occurred.

II. Plaintiff Lawrence Fuller is and was at all times mentioned
    herein A prisoner of the State of Texas in the custody of
    the Texas Department of Corrections. He is currently confined

-1-

in Texas State Prison, Alfred Hughes Unit Coryell County Gatesville, Texas.

III. DEFENDANTS:

Defendant John Creuzot is the District Attorney of Dallas County, Texas and the State of Texas The People. And the Director Texas Department of Criminal Justice System. Namelt, Bobby Lumpkin who legally responsible for the operation of Texas State Prisons and for the welfare of all the inmates of that prison.

IV.  Each defendant is sued individually and in his official capacity. At all times mentioned in this complaint, each defendant acted under the color of State Law.


FACTS

1. Petitioner complains that the State Prosecutor or its government officials willfully engaged in misconduct in violation of his rights to Due Process and a fair proceeding.

AUTHORITIES IN SUPPORT OF GROUND ONE

The State witnesses. Namely victims of such crimes. Stated in 1997, 1998 that a robbery took place and that the suspect had on a jacket that was later discovered and identified by witnesses that the suspect used in the crime, and other items such as credit cards and a paper-bag, etc., Evidence that was admitted into trial as Exhibits. Petitioner later filed a Chapter 64 DNA Motion to prove his innocence, in which was discovered that the State and/or its government officials willfully engaged in the misconduct to destroy the evidence that was favorable  to Petitioner'to prove his innocence which violated  Petitioner's Due Process and Equal Protection of the Law. Without following Policy and Law that required such officials to maintain such evidence until Fuller's death. This is a case where the prosecution violated Tex. Code. Crim. Proc. Art. 38.43 by destroying exculpatory biological Material evidence without a destruction order which requi-

-2-

red Petitioner to be notified of said destruction.

I

There are two (2) issues at stake in the instant case, (1) whether the destruction of favorable defense evidence was a violation of a federal constitution and whether Petitioner provided evidence of actual innocence. Petitioer will address these issues individually.

(A). Destruction of favorable evidence violated Petitioner's Due Process constitutional of Rights. Pursuant to Tex. Code of Crim. Proc. 38.43. Evidence containing biological material should be perserved. Art. 38.43 states, (a) In a criminal case in which a defendant is convicted, the attorney representing the State, a clerk, or any other officer in possession of evidence described by Subsection (b) shall ensure the preservation of the evidence.

(b). This article applies to evidence that; (1) was in possession of the State during the prosecution of the case; and (2) at the time of conviction was known to contain biological material that if subjected to scientific testing. And before said evidence can be destroyed the defendant must be notified by mail. Subsection (d). The evidence in question were a trench coat and a paperbag containing credit cards when Petitioner filed a 64 Motion to have this evidence tested for DNA, Petitioner received notice that the evidence he sought to be tested had been destroyed.(See Exhibit A). Petitioner was not notified by mail or through no other notice that said evidence was going to be destroyed. Nor was there a destruction order presented. Consequently, the destruction of said evidence was done in violation of Art. 38.43(d) which mandates that Petitioner be notified that said evidence would be destroyed. Had said evidence undergone DNA testing, it would have revealed that Petitioner's DNA was not present. Said evidence would have exonerated Petitioner.

Applicant attempted to exercise his right to obtain said evidence but since it was destroyed, Applicant was deprived of his right to obtain said evidence. Consequently, since Applicant was deprived of the benefits due him under 38.43, Applicant's case rises to the level of deprivation of a right protected by the Federal Constitution.

Further, depriving Applicant of the evidence in question deprived Applicant of his constitutional right to present evidence in his defense. In the case of Gilmore v. State, 2016 Tex. App. LEXIS 4123 Headnote 1, & pgs 11-12. The Court held "whether rooted directly in the due process clause U.S. Const. VI The Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense," See Kittlestone, v. Dretke, 426 F3d 306,319 (5th Cir.2005).

GROUND TWO: SECOND PART PROSECUTORIAL MISCONDUCT

Applicant complains the destruction of evidence may constitute a violation of Article 38.43 which requires that the State maintain custody of evidence which contains biological material which denied Applicant his due process and Equal Protection of the Law.

AUTHORITIES IN SUPPORT OF GROUND TWO

Applicant would suggest destruction of the evidence in the case Namely Jacket & Sack; without following Department's POLICY or the Laws of Texas. Constituted a violation of Article 38.43 which requires that the State maintain custody of any items that contains identifiable biological material collected in a felony investigation

(The trial court argued that "claims, such as violations of statu-
tes, rules, or regulations are not cognizable issues for habeas
corpus review." The Court of Criminal Appeals of Texas denied with-
out a written order the application for a writ of habeas corpus on
the findings of the trial court and on the Court's independent review
of the record. There are exceptions to said arguments. Cases where
a defendant is deprived of the benefits bestowed upon him by these
statutes, rules, or regulations are cognizable in habeas corpus
review since it is a violation of the due process rights of the
constitution. See Hicks v. Oklahoma, 447 U.S. 343,346 (1980) and
Mendiola v. Estelle, 635 F2d 487 Footnote 1 (5th Cir. 1981).

In Hicks, the State Court denied Hicks the right to "The jury
sentence he was entitled under State Law..." The State argued that
Hicks' claim involved the "denial of a procedural right of exclusively
State concern." In essence, the State was arguing that since Hicks
claim was a state issue, the federal court had no jurisdiction to
entertain Hicks' claim. The Court held that it was "such a arbitrary
disregard of the petitioner's right to liberty is a denial of Due
Process of Law." Hicks at 346.

In Mendiola, Id. at Footnote 1, The Court cited Hicks holding
that "it was this arbitrary refusal to accord Hicks benefits due
due him under state law that rose to the level of deprivation of a
right protected by the federal constitution."

In the instant case, through Art. 38.43, the Legislature guaran-
teed that biological material would be preserved and would be
available to Applicant upon Petitioner's request.

(5)

that may be used to identify the perpetrator or exclude a person as the perpetrator. Petitioner wasn't able to prove his innocence in his post-conviction application because the State destroyed the evidence Favorable to Petitioner that would have excluded him and identified the perpetrator of such robberies. The State destroyed the evidence in a calculated effort to circumvent the due process requirements of Brady and its progeny that the State disclosed to Petitioner material evidence in its possession. Failing to preserve the evidence violated Texas and United States Constitutional rights. Please see Exhibits A & B. The evidence in question would have revealed that Petitioner's DNA was not present. This evidence was Petitioner's defense. Petitioner was deprived of his opportunity to present a complete defense. Had the jury seen this evidence Petitioner would not have been found guilty.

In sum, the trial court, and Court of criminal Appeals, both, argues that "claims such as violations of statutes, rules, or regulations are not cognizable for habeas corpus review" is not applicable to this instant case. Article 38.43 Mandates that the Prosecution maintain custody of Biological Exculpatory Material Evidence and if it deems that the evidence be destroyed, Petitioner MUST BE NOTIFIED in order for Petitioner to contest said destruction. However, by the prosecution destroying said evidence, Applicant was deprived of his right to contest said destruction in violation of Due Process.

GROUND THREE:

Petitioner complains that he is actual innocent and that his further incarceration offends Federal Due Process in violation of the Fifth and Fourteenth Amendments to the United States Constitution.

## AUTHORITIES IN SUPPORT OF GROUND THREE

Petitioner. adopt, by reference and incorporates here in the proabale cause Statement used by police in 1997 of the offense of both victims statement used by District Attorney's office to obtain a count indictment for each agg. robbery. Identity was an issue because the victims could not identify him. The description given by the victims could have applied to Joe Allen Moore, the brother of Margaret Thomas who the fleeing "suspect car" belonged too. And according to the State's public servant at trial was that, Moore do look like Petitioner. And through post-conviction filings it was discovered that Favorable evidence to Petitioner proving his innocence, was destroyed illegally, violating Petitioner's constitutional rights and further incarceration offends Federal Due Process to the United States Constitution.

Petitioner is claiming actual innocent due to newly discovered evidence. The trial court, and the Court of Criminal Appeals by its denial without a written order of Petitioner's Applicantion for a writ of habeas corpus, held that Petitioner had not proved newly discovered evidence (Findings at pg. 7, Sec. 10) nor had Petitioner proven his innocence. (Findings pg. 7 Sec. 12). Petitioner will show that it was a State impediment that prevented him from meeting these burdens of proof.

The only way Petitioner could have provided newly discovered evidence and proved his innocence was for a trench coat and a paper-bag containing credit cards to have been DNA tested. The State admitted these items into evidence to support its claim that Applicant was involved in the credit card robbery.

Petitioner consistantly claimed his innocence and informed his defense counsel that he (Applicant) had not worn the coat nor handled the credit cards. These items were not DNA tested prior to trial in 1997. Since DNA didn't become popular until May 16, 2013 when the Michael Morton Act was enacted, the Michael Morton Act "permitted defendant's" to undergo DNA testing or have evidence tested to determine whether the evidence contained the defendant's DNA.

Pursuant to the Michael Morton Act, Applicant filed a 64 Motion re.questing that the trench coat and paper-bag containing the credit cards be DNA tested. In its response to Applicant's 64 Motion the State stated that said evidence had been destroyed. Pursuant to Article 38.43 of the Tex. Code of Crim. Proc., Evidence containing biological material must be preserved and can only be destroyed by notifying Petitioner that said evidence is going to be destroyed and giving the defendant 90 days to file an objection to the destruction. There must also be an order for its destruction.

It is undisputed that said evidence was destroyed in violation of Article 38.43 since the State did not notify Petitioner that said items were going to be destroyed, it did not give Petitioner 90 days to file an objection and there was no destruction order. The Significance of the destruction or spoliation of said evidence is that it also destroyed Petitioner's only defense; proving that his DNA was not on said items. Consequently, the State impeded Petitioner from providing newly discovered evidence and from proving his innocence.

The imposition of remedies for evidence spoliation is governed by a two-step Framework:

-8-

(1) the trial court must determine whether a party spoliated evi-
dence, and

(2) if spoliation occurred, The Court must exercise its descre-
tion in assessing an appropriate remedy. In re On Track Experience,
LLC 2021 Tex. App. LEXIS 8441 Headnote 3.

In the instant case, it is evident that spoliation occurred since
evidence which could have exonerated *Petitioner* was destroyed.
concerning the remedy for a case of spoliation,"there is no remedy
for every incident of spoliation." Kazi v. Sohail, 2022 Tex. App.
LEXIS 455 Headnote 9. (5th Cir. of App. at Dallas).

Since there is no specific remedy for every spoliation incident,
the court must assess "an appropriate remedy" In re On Track, Id at
Headnote 3. Generally, remedies are "restoring the parties to a
rough approximation of what their respective position would be if
the evidence was still available in its unaltered form." In re On
Track, Id at Headnote 4.

However, before a remedy can be granted, *Petitioner* must make a
"showing of Bad Faith" in the part of spoliaters. Slimp v. State,
2023 Tex. App. LEXIS 6371 Headnote 1 and pg. 3. *Petitioner* can make
such a showing since the spoliater in the instant case destroyed
the evidence in question in violation of Art. 38.43 by not notify-
ing *Petitioner* that said evidence would be destroyed and said
evidence was destroyed without a destruction order. The spoliater's
violation of Art. 38.43 was a clear display of "Bad Faith."

Since "Bad Faith" is evident on the spoliater's part, *Petitioner*
is entitled to receive the remedy of the court which is to restore

-9-

Petitioner the place where the evidence was before it was destroyed which is at trial. Petitioner asks this court to enter an order granting Petitioner a new trial or at minimum, an evidentiary hearing.

                              PRAYER

WHEREFORE, Plaintiff respectfully pray that this Court enter Judgement:

Granting Plaintiff Fuller a declarartion that the Acts and omissions described herein violated his rights under the constitution and Laws of the United States, and Fuller seeks a Jury Trial on all issues triable  by jury. Or any additional relief this Court deems Just, proper, and equitable in the interest of Justice and Fairness.

DATED 25th, June 2024.

                                   Respectfully submitted,
                                   _Lawrence Fuller_ #812678
                                   ALFRED HUGHES UNIT
                                   3201 FM 929
                                   GATESVILLE, TEXAS 76597


                            VERIFICATION

   I have read the foregoing complaint and hereby verify that the material alleged therein are true except as to matters alleged on information and belief, and as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.
EXECUTED at Gatesville, Texas on this 25th day of June 2024.

                              - 11 -

CERTIFICATE OF SERVICE

I, Lawrence Allen Fuller, swear under the penalty of perjury
that a true and correct copy of the above documents were mailed
to the United States District for the Northern District of Texas,
by placing it in the Prisoner's mailbox located on the Alfred
Hughes Unit, on this 25th day of June 2024.

LAWRENCE ALLEN FULLER #812678
Alfred Hughes Unit
3201 FM 929
GATESVILLE, TEXAS 76597

WRIT NO. W97-01742-J(B)
§
§
§
§

UNITED STATES COURT OF APPEALS

FOR THE WESTERN DISTRICT OF

$6:24cv351$

TEXAS WACO DIVISION

LAWRENCE ALLEN FULLER, PETITIONER

Please find enclosed one original copy of Petitioner's Application to Proceed Informa Pauperis.

2. One original copy of Petitioner's Civil Rights Complaint with a MINIMUM OF AUTHORITIES.

EXECUTED OF THIS 25th DAY OF June 2024

#812678
LAWRENCE ALLEN FULLER

ALFRED HUGHES UNIT
3201 FM 929
GATESVILLE, TEXAS 76597

Lawrence Allen Fuller #512628
Alfred Hughes Unit
3201 FM 929
Gatesville, Texas 76597



RECEIVED

JUL 01 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

RECEIVED

JUL 01 2024

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

LEGAL

United States Dist
For The Western
Texas, WACO Divi
800 Franklin A
Waco, Texas 76